IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-488-BO

REGINALD ROGERS, SR.,                )
                                     )
    Plaintiff,                       )
                                     )           **MEMORANDUM AND**
v.                                   )           **RECOMMENDATION**
                                     )
SHEILA GOSS and UNITED STATES        )
POSTMASTER OF BRUNSWICK, NORTH       )
CAROLINA,                            )
                                     )
    Defendants.                      )

This pro se case, brought *in forma pauperis*,[1] is before the court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). It was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

In his complaint (D.E. 1), plaintiff, an inmate at Columbus Correctional Institute in Brunswick, North Carolina, seeks money damages against defendants Sheila Goss ("Goss") and the Postmaster of the United States Post Office in Brunswick[2] arising from the alleged misdelivery by the United States Postal Service ("USPS") of a package of legal materials sent by plaintiff by certified mail, return receipt requested. (Compl. 3-4). The mailing was addressed to the Innocence & Justice Clinic at Wake Forest University ("University"), but misdelivered to Wake Forest Baptist Medical Center. (*Id.* at 3). Goss stated in a letter to plaintiff that the mailing was subsequently forwarded to the University and delivered. (Goss's Ltr. (D.E. 1-1 at

---

[1] The court previously allowed (*see* D.E. 5) plaintiff's motion (D.E. 3) to proceed *in forma pauperis*.

[2] Although defendant identifies Goss as the Postmaster of the Brunswick Post Office (Compl. 2, 3), she identifies herself as "Officer in Charge" in her letter to plaintiff (D.E. 1-1 at 4) submitted with the complaint. Therefore, the case caption lists Goss as one defendant and the Postmaster as another.

4)). The USPS refunded plaintiff $2.55 of the total postage of $10.50 he paid based on its failure to send him the return receipt. (*Id.*; Compl. 3). The amount of damages demanded by plaintiff is over $10 million. (Compl. 4).

## DISCUSSION

### I. Legal Standards Applicable to Plaintiff's Complaint

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of

2

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## II. Analysis of Plaintiff's Complaint

Plaintiff does not state in his complaint the legal basis for his lawsuit. Read liberally, as required, the complaint can be read to allege three potential claims: a claim under 42 U.S.C. § 1983 for violation of some constitutional right; a tort claim for negligent handling of the mail under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*; and/or a claim for breach of contract.

Neither of the first two potential claims is viable. As explained in a similar case:

> To the extent the plaintiff seeks to bring a claim against the USPS under 42 U.S.C. § 1983, the statute applies to persons who act "under color of state law," not to federal officials. *See* 42 U.S.C. § 1983; *Moore v. U.S. Postal Service*, 159 Fed. Appx. 265, at *2 (2d Cir. 2005) (phrase "under color of state law" applies "only to state actors, not federal officials") (citing *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005)). To the extent the plaintiff attempts to assert a claim for negligent handling of his mail by the USPS, such a claim is barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which exempts "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). *See also Bauldwin v. United States Post Office*, slip op., [No. 8:07CV37] 2007 WL 2011239 (D. Neb. July 6, 2007) (tort action against USPS must be brought pursuant to FTCA; thus, federal district court lacks subject matter jurisdiction over tort claim against USPS).

*Karagi v. USPS*, No. C07-4055-MWB, 2007 WL 2122391, at *1 (N.D. Iowa 20 July 2007). Therefore, to the extent that plaintiff is attempting to assert these claims, they are subject to dismissal. *Id.*; *see also McDonald v. USPS*, Civ. Act. No. ELH-12-2759, 2013 WL 140914, at *2 (D. Md. 10 Jan. 2013), *aff'd*, No. 13-6204, 2013 WL 1735615 (4th Cir. 23 Apr. 2013); *Willett v. Morrice Post Office*, No. 05-72296, 2005 WL 1981302, at *2 (E.D. Mich. 16 Aug. 2005); *Esseily v. USPS*, No. Civ. 03-71231, 2003 WL 21817984, at *1 (E.D. Mich. 3 July 2003) (misdelivery of certified mail).

The third and final potential claim also fails. Although the Postal Reorganization Act, 39 U.S.C. § 401(1), provides for the USPS to be sued for contract claims, a prerequisite for subject

matter jurisdiction over such claims is the plaintiff's exhaustion of his administrative remedies. *See, e.g., Djordjevic v. Postmaster General*, 911 F. Supp. 72, 75 (E.D.N.Y 1995). Plaintiff has failed to show that he has exhausted his administrative remedies, and therefore any claim by him based on contract is also subject to dismissal. *Id.*; *see also Willett*, 2005 WL 1981302, at *3; *Esseily*, 2003 WL 21817984, at *1; *Breaux v. USPS*, 46 F. Supp. 2d 641, 643 (E.D. Tex. 1999), *aff'd on other grounds*, 202 F.3d 820 (5th Cir. 2000).[3]

## CONCLUSION

IT IS THEREFORE RECOMMENDED that this action be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to plaintiff, who shall have until 19 September 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 5th day of September 2013.

James E. Gates
United States Magistrate Judge

---

[3] Given the recommended disposition, the court need not address whether plaintiff has named the proper parties as defendants.

5

Case 5:13-cv-00488-BO   Document 6   Filed 09/05/13   Page 5 of 5